## John Stewart *v.* Hiram Cass.

It is not necessary that a written submission to arbitrators should contain a special agreement by the parties to *abide the award* ;—if the parties agree to submit, and actually do submit, their differences to arbitration, and an award is made in the premises, an agreement to *abide the award* is implied.

Where a controversy between proprietors of adjoining lands, in reference to their dividing line, has been submitted, to arbitration by them, it is no objection to the award made by the arbitrator, that he has detailed the means by which he came to the conclusion he did in reference to its location.

In such case, the arbitrator having located the dividing line so as to give to the plaintiff a strip of land previously fenced and occupied by the defendant, and the defendant, after the publishing of the award, having persisted in his claim to the land, and refused to surrender it to the plaintiff, it was held that this constituted a sufficient possession by the defendant to entitle the plaintiff to maintain ejectment for such strip against him, notwithstanding the actual posssession was in a tenant of the defendant, who claimed said strip in his own right,—it not appearing that the defendant had ever given notice to the plaintiff that the tenant was in possession of the strip independent of the defendant, or that the plaintiff ever had any notice of that fact.

The owners of adjoining lands, each acknowledging the sufficiency and validity of the title by which the other holds his land, may bind themselves by a submission in writing, though not under seal, as to the location of the dividing line between them ; and, if an award be duly made and pub-

lished in pursuance of such submission, locating the line, each party to the submission will be estopped from denying, in an action at law, that the line, as thus located, is the line between them. [And in this case no subsequent confirmation of the award, or recognition of its validity, by the defendant was shown.]

EJECTMENT for land in Barton. Plea, the general issue, and trial by jury.

It appeared, on trial, that the land sued for was a narrow strip, extending from the east line of lot No. 10, in range 4, of land in Barton, in a westerly direction through said lot ; that the plaintiff owned and occupied the south part of said lot, and the defendant claimed and occupied the north part of the same lot ; and the plaintiff claimed that the strip in dispute belonged to his part of the lot.

To support the issue upon his part the plaintiff offered in evidence a written submission, signed by himself and the defendant, in relation to the dividing line between them, made to one Willard, in June, 1842, and which also provided, that, "if the said Cass shall be found to be occupying on said Stewart's line, then he is to pay all costs" : also the written award of said arbitrator, locating said dividing line in such manner as to annex the strip of land in dispute to that part of the lot which was owned by the plaintiff, and stating that, in ascertaining and locating the true line between them, he had commenced at the south east corner of said lot, and had followed certain courses and distances, naming them, which led to the result at which he arrived ; and concluded as follows ;— "and do award that said last mentioned line be the north line of said Stewart's land ; and finding that said Cass is occupying land between two and three rods on the south side of said line, and on the land of said Stewart, I do award that Cass pay to said Stewart the costs of this arbitration." To the admission of these papers the defendant objected,—but the court admitted them as competent and sufficient evidence of title in the plaintiff at the date of said award, for the purposes of this action.

In order to show the defendant in possession of the strip of land in dispute, at the commencement of this action, the plaintiff proved that it had not for several years, if ever, been fenced in with *his* adjoining land, but had been fenced in with the defendant's adjoining land, though the fence was insufficient to stop cattle during the au-

tumn of 1842 ; also, that, after the award was made and published, the defendant continued to claim said strip of land as his own, and declared he would not give it up ; and it appeared that the defendant had continued to occupy and improve his adjoining land as he had done previously to the award, and that the said strip remained without any visible separation from it. The defendant, in reference to the same point, introduced evidence tending to show that a tenant of his, upon said adjoining land, asserted a claim to said strip after said award was made, and cut the hay upon it in 1842 and 1843.

The court charged the jury, among other things, that, if the defendant persisted in his claim to the strip of land in dispute after the award was made and published, and declared that he would not give it up, it was incumbent upon him, if he would avoid his liability to this action, to show notice to the plaintiff, before this suit was brought, either that he renounced his claim to the land, or that his tenant was in possession of it independent of him.

The jury returned a verdict for the plaintiff. Exceptions by defendant.

*Cooper* for defendant.

1. The submission contains no promise, or stipulation, that either party shall abide the award, but merely to pay the costs of arbitration ; and therefore it is not binding, except as to costs. Neither was it sealed by the parties.

2. The award cannot be evidence of title in an action of ejectment. Rev. St. 314, 315, §§ 21, 22. 1 Sw. Dig. 446. 3 Bl. Com. 16. 15 Mass. 152. 2 Wend. 586. 10 Mass. 442. 1 Vt. 188. *Munson* v. *Munson*, 3 Day 266.

3. The award, finding that the defendant was in possession of the plaintiff's land, was out of the submission, and not, as the court ruled, conclusive evidence of the defendant's possession. So the award runs the line of Stewart's land, when the submission authorizes no such thing.

4. The plaintiff was bound to show some legal proof of the No. and Range of the lot; and the award is not evidence of *that,* for that question was never submitted to the arbitrator.

5. The defendant was not bound to give express notice to the

plaintiff that he abandoned his claim to the strip of land ; neither is he amenable for the trespasses of his tenant.

——— ——— for plaintiff.

At common law the only exception to the conclusiveness of an award, in determining disputes, was when it related to the right to real property. 3 Bl. Com. 16. The reason for that exception does not exist here; and it is now true that an award relating to the location and boundary of lands is binding on the parties, even though made by parol,—since it does not convey land to either party. 3 Phil. Ev. with Cow. & Hill's notes, p. 1037. *Shelton* v. *Alcox*, 11 Conn. 240.

The acts of the defendant, after the award, were, to say the least, the ordinary acts of an owner of the premises, accompanied by a public claim of title. This possession was sufficient to have enabled the defendant to maintain ejectment, or trespass *qu. cl. freg.*, against a stranger, and, without any disclaimer, or abandonment, on the part of the defendant, to subject him to the present action. *Doolittle* v. *Linsley*, 2 Aik. 155. *Sawyer* v. *Newland*, 9 Vt. 383. *Chilson* v. *Buttolph*, 12 Vt. 232.

The opinion of the court was delivered by

HEBARD, J. The parties were owners of adjoining parts of the same lot, and the controversy between them was in relation to the location of the dividing line. The parties, in writing, submitted the matter to an arbitrator, and he made examination and awarded in the premises. The location of the line by the arbitrator gave a strip of land to the plaintiff, which was enclosed and occupied by the defendant ; — and to recover that *strip* this action is brought. And the plaintiff relied upon this award to establish his right to recover.

In the first place, it is objected by the defendant that the parties did not agree to *abide the award,* and that, therefore, it is not binding. There is no express agreement to that effect, except as to the payment of the cost ; and that alone would afford a very strong presumption that the understanding of the parties was, that the award should be binding ; but such agreement is not necessary. If the parties *agree to submit*, and *actually do submit,* and an award is made in the premises, an agreement to *abide the award* is implied.

It is farther objected to the award that the arbitrator exceeded his powers. If he did, the award is void. The arbitrator has *located the line*, and, in doing so, he has stated the *modus operandi* by which he arrived at his conclusion. That is not exceeding the terms of the submission. He must have reference to something else besides the line itself, in order to determine the point in controversy. He must have used some such means as he has stated. He must measure other lines, and estimate quantities and distances, and this is all he did. It was not necessary for him to have stated all this in his award; but having stated it, the only effect that it can have upon the award is to furnish the means of testing its accuracy.

Another objection that has been urged against the plaintiff's right to recover in this action is, that the defendant was not shown to be in possession of the demanded premises. But we have no difficulty on this point. The defendant claimed this land as being his own; else the controversy about the line could not have arisen. He had it partially enclosed by a fence, which was sufficient to designate the extent of his claim; and, after the award was made, the defendant refused to give it up. Under this state of facts, the charge of the court was correct.

But the main question is in relation to the effect of the award. In this state, the subject of an award *respecting the title to land* has received no very extensive consideration. In some of the states the *ancient doctrine*, that arbitrators cannot decide upon the title to real estate, has been considerably shaken. This court, on the present circuit, has refused to give any effect to a *parol submission and award*, relating to the title and boundaries of land.[*] But in this case the objection that was then urged, growing out of the statute of frauds, is obviated. And the farther objection that has been urged in this case, which is the want of a seal, is unimportant,—for a writing not under seal is sufficient to take a case out of the statute of frauds, so as to enable a court of chancery to decree a specific performance. It is not claimed that this is a mode pointed out by statute for conveying land, and a seal upon a deed has no effect upon the instrument, except what the statute has attached to it. It

---

[*] *Smith v. Bullock et al., ante,* page 592.

is one of the requirements of the statute in making a conveyance of land.

But in the present case I do not apprehend that it is necessary to go to the extreme of the doctrine that is found in some of the cases referred to. There was no dispute between these parties in relation to *priority* of title, or the sufficiency of the *instrument* by which they respectively claimed to hold the land, nor in relation to the source from whence the title was derived; — nor did either party pretend that the other had *lost* or *parted* with any title that he ever had possessed. The different pieces of land owned by the parties belonged to the same lot, and we may presume that they derived their title from the same source. So that it stands confessed by the parties that each has a good title to a portion of said lot, and that their portions are contiguous; — their dispute, therefore, is in relation to the *location* of the dividing line.

We therefore think this is not, strictly speaking, an award in relation to the title of land, and that the authority of the case of *Shelton* v. *Alcox*, 6 Conn. 240, is not needed to sustain the judgment of the county court. That case, and a variety of other cases, go upon the ground that an award may so far settle the sufficiency of the title by which land is claimed, as to *estop* the other party from setting up a title. Whether that may become the doctrine of this state it is not necessary now to decide. But we are prepared to say that the owners of contiguous pieces of land, each acknowledging the sufficiency and validity of the title by which the other holds his land, may bind themselves by their written submission and award as to the location of the dividing line, and that each will be estopped from afterwards denying that as being the true line.

Judgment affirmed.

---

Note by Hebard, J. There was another suit between the same parties, founded on this award, to recover the costs of the arbitration;— but all the questions raised in that case grew out of the legality and sufficiency of the award, and are the same that are decided in this case.