JOB SMITH, Plaintiff in Error, v. WILLIAM DOUGLASS, Defendant in Error.

## ERROR TO GALLATIN.

As a general rule, a parol submission to arbitration is valid; and so is a parol award as to the matters submitted.

In all other cases than where a writing is required to pass the title to the thing in contest, a verbal submission and award will conclude the parties.

A verbal submission to arbitrators cannot be made a rule of court, nor can judgment be entered on the award. But the award may be enforced by action, or set up by way of defense. Chapter VII. of the Revised Statutes has no application to this class of cases.

A mere error of judgment by the arbitrators, as to the law or the facts, will not vitiate their award.

THIS cause was heard before MARSHALL, Judge, at July term, 1853, of the Gallatin Circuit Court.

CASEY and MONTGOMERY, for Plaintiff in Error.

M. BARTLEY, for Defendant in Error.

TREAT, C. J. Douglass sued Smith before a justice of the peace, in February, 1853. He recovered judgment for $5, and Smith appealed to the circuit court. The cause was heard by the circuit judge on the following evidence: the plaintiff proved by Tally that he sold Smith a quantity of corn for $5, but refused to let him take it away until payment was secured. Smith then asked Douglass to go security for him, and he agreed to do so. In May, 1852, Douglass paid witness for the corn; and in July following, witness heard Smith promise to pay Douglass the amount thus advanced. The defendant then proved by the justice, that shortly before this suit was commenced, the plaintiff and defendant requested him and Kirkham to arbitrate the matter in reference to the $5 paid to Tally; they agreed that each should make his statement of the transaction, and that the decision of the arbitrators should be final and conclusive. They then made their respective statements, and the witness and Kirkham decided that the defendant was not liable for the amount paid by the plaintiff to Tally, and made known their decision to the parties; the plaintiff was not satisfied with the award, and brought this suit before the witness; it was decided in his favor because no evidence was introduced of the arbitration. Another witness gave the same testimony respecting the arbitration. On this evidence the court affirmed the judgment of the justice.

As a general rule, a parol submission to arbitration is valid.

And such is the effect of a parol award as to the matters submitted. It may be that a submission and award should be in writing, where a writing is required to pass the title to the thing in contest; but in all other cases, a verbal submission and award will effectually conclude the parties. Such a submission, however, cannot be made a rule of court, nor can judgment be entered on the award. But the award may be enforced by action, or set up by way of defense. With these exceptions, the legal effect of a parol submission and award is the same as those in writing. *Wells* v. *Lain*, 15 Wendell, 99; *Evans* v. *McKinsey*, 6 Littell, 262; *Jessiman* v. *H. & F. Iron Manufactory*, 1 New Hamp. 68; *Titus* v. *Scantling*, 4 Blackford, 89; *Martin* v. *Chapman*, 1 Alabama, 278; *McMullen* v. *Mayo*, 8 Smedes & Marshall, 298; *Winne* v. *Elderkin*, 1 Chandler, 219. Chapter VII. of the Revised Statutes has no application to this class of cases. It relates solely to cases in which the award is to be made the judgment of a court. It does not abridge the common law right of parties to adjust their differences by arbitration.

In this case the parties voluntarily submitted the matter in difference between them to arbitration, and the same was fully heard and determined by the arbitrators. The award was a full and final adjustment of the controversy. It has all the force of an adjudication, and effectually concludes the parties from again litigating the same subject matter. There is nothing in the evidence to impeach the award. Neither fraud or misconduct in the arbitrators is alleged. A mere error of judgment on their part as to the law or the facts of the case, will not vitiate their award. *Merritt* v. *Merritt*, 11 Ill. 565.

The judgment will be reversed.

*Judgment reversed.*