[Shaw v. State.]

# Shaw v. The State.

*Prosecution for unlawfully Breaking down or Destroying Fences.*

1. *Arbitration; submission at common law not required to be in writing.*—At common law, a submission to arbitration was not required to be in writing, and such mode of arbitration is not affected by statutory provisions for arbitration.

2. *Same; common law submission binding upon the parties.*—Where a dispute has arisen between two parties who own adjacent lands, as to the true boundary of their respective premises, the determination of the correct boundaries can be submitted to a common law arbitration by parol, without a writing; and a valid award upon such question of boundary is valid and conclusive upon the parties to the arbitration by way of estoppel upon them to dispute the boundaries so established.

3. *Same; same.*—Where a dispute has arisen between two parties as to the location of the boundary line between their respective premises, and its determination is submitted to common law arbitration, and to a written award made by the arbitrators the parties expressed their assent by signing their names thereto, and subsequently, in recognition of the boundary established by such award, built separate fences in accordance with the directions thereof, such assent and such recognition of the boundary established by the award is conclusive upon the parties to the arbitration as to the extent of the lands owned by them respectively.

4. *Same; award is conclusive only as to the subject of dispute before the arbitrators.*—Where a dispute as to a boundary line is submitted by the adjoining land owners to arbitration, and the award, after establishing the true boundary line between the respective premises, further directs that each of the owners shall build his fence six feet inside said line "for the purpose of giving twelve feet for road or pass way," such an award does not create any property right or easement in favor of either of the parties to the arbitration in the road way beyond his boundary line, and the establishment thereof has no binding effect upon the parties, since the road way was not a subject of dispute embraced in the submission to arbitration.

[Shaw v. State.]

5.  *Unlawfully breaking or throwing down fence; what necessary
    to authorize conviction.*—The statute which makes it a mis-
    demeanor for any person to unlawfully, maliciously or negli-
    gently destroy, throw down or break "any fence or enclosure
    of another" and fail immediately to rebuild or repair the same,
    (Cr. Code, § 5624), applies to fences as well as inclosures; so
    that in a prosecution for the violation of such statute where
    it is shown that the defendant unlawfully threw down and
    failed to rebuild or repair the fence of another, it is imma-
    terial that the said fence was not connected with any other
    fence so as to constitute an inclosure.

6.  *Criminal law; reasonable doubt.*—In a criminal prosecution, a
    charge which instructs the jury that "If there is a probability
    of the defendant's innocence, they will find the defendant
    not guilty," asserts a correct propositon of law and should
    be given.

APPEAL from the County Court of Shelby.

Tried before the Hon. D. R. McMILLAN.

The prosecution in this case was commenced by an
affidavit made by one W. P. Gilbert, charging that An-
drew J. Shaw "did unlawfully, maliciously or negli-
gently destroy, throw down or break a fence or inclos-
ure, and did fail to immediately repair or rebuild the
same, the said fence being the property of affiant." The
facts of the case relating to the claims of the defendant
and of the prosecutor Gilbert to the contiguous lands
and the submission of their claims to arbitration and
the award, are sufficiently stated in the opinion.

It was shown by the evidence that after the award
was made by the arbitrators, W. P. Gilbert located his
fence upon the line which was supposed to be in accord-
ance with the directions of said award, and that within
a short time after the fence was so built, the defendant
threw down thirty-six panels of such fence and failed
to rebuild it.

There was evidence introduced on the part of the de-
fendant tending to show that the north end of said fence
built by Gilbert was not joined to any fence or inclosure,
and that said fence did not inclose any land.

Upon the introduction of all the evidence, the court at
the request of the State, gave to the jury the following
written charge: (1.) "If the jury believe beyond a reas-

6

[Shaw v. State.]

onable doubt from the evidence that there was a dispute between Gilbert and the defendant as to where the line between them was, and that they agreed to leave it to arbitrators, and the arbitrators established the Christian line as the true line, and that in accordance with the decision the defendant moved his fence to his side of the line and Gilbert built his fence on his side of the line, then each party owned to the Christian line, and if they further so believe that the defendant tore down Gilbert's said fence and left it down in Shelby county and within twelve months before the beginning of this prosecution, they should find the defendant guilty." The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give each of the following written charges requested by him: (2.) "The court instructs the jury that if there is a probability of the defendant's innocence they will find the defendant not guilty." (9.) "The court charges the jury that if they believe from the evidence that the witness Gilbert built his fence within six feet of the line called Christian Line they must find the defendant not guilty." (10.) "The court charges the jury that if they believe from the evidence that the defendant had a right to believe that Gilbert's fence was within six feet of the Christian line they must find the defendant not guilty." (11.) "The court charges the jury that unless they believe from the evidence beyond a reasonable doubt that defendant knew that the fence was not nearer than six feet to the Christion line they must find the defendant not guilty." (12.) "The court charges the jury that if they believe from the evidence that the fence alleged to be torn down was not joined at either end to another fence, and did not inclose any land, they must find the defendant not guilty." (13.) "The court charges the jury that if they believe the evidence, they will find the defendant not guilty."

From a judgment of conviction assessing a fine of twenty-five dollars, the defendant prosecutes the present appeal.

W. F. THETFORD, JR., for appellant.—It is error to refuse a charge that if there is a probability of the defend-

ant's innocence, the jury must find him not guilty. *Bones v. State,* 117 Ala. 138. Where a party pays the purchase price for an easement, and receives no legal title for the reason that the deed to the easement was executed by an agent who had no written authority, the vendee nevertheless acquired an equitable title to the easement.—*Franklin v. Pollard Mill Co.,* 88 Ala. 318; *Ashurst v. Peck,* 101 Ala. 499; *Hardy v. Gunn,* 25 So. Rep. 621; *A. G. S. R. R. Co. v. S. & N. R. R. Co.,* 84 Ala. 570.

Unless the fence torn down was on the land which belongs to another, and not on land owned by defendant, he cannot be convicted under this prosecution. *Wheeler v. State,* 109 Ala. 59; *Hill v. State,* 104 Ala. 64.

While ignorance of the law will not excuse a person for the violation of the law, ignorance of fact, not the result of carelessness or negligence will excuse.—*Gordon v. State,* 52 Ala. 308; *Dodson v. State,* 62 Ala. 141.

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—Defendant owned the S. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of a section of land, and W. P. Gilbert owned the adjoining S. E. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ of same section. Neither party claimed to own beyond the true line dividing his legal subdivision of the section from the other; but that line being unascertained and in dispute they had surveys made by the county surveyor, one Christian, who marked a surveyed line known as the Christian line. The survey was not satisfactory to the parties, and they submitted the ascertainment of the line to five persons as arbitrators, who acted as such and made an award in writing establishing the Christian line as the true line of division and containing the following provisions: "Said A. J. Shaw is to move all his fencing on his land six feet inside of said line within 30 days, also the said W. P. Gilbert shall build all his fencing six feet inside of said line for the purpose of giving twelve feet for road or passway." The award was signed by the arbitrators and also by defendant and Gilbert. Defendant's fence which, before the award, had stood on Gilbert's side of

the line was after the award moved by him to his side of the line and Gilbert thereupon built a fence on his side. The evidence was conflicting as to whether the fences encroached upon the line and roadway, that of the State negativing such encroachment on the part of Gilbert, while the defendant's evidence tended to show that Gilbert's fence at the point where the fence was torn down was built so that it touchd a tree on the opposite of which was a blaze indicating the Christian line.

The arbitration appears to have been without any written submission, and not conforming to the requirements of the statutory provisions for arbitration its validity and effect must be judged of as an arbitration at common law. The statutory provisions are necessary to be observed when the award is to be given the effect of a judgment. Those provisions do not supersede arbitrations according to the common law mode.—Code, § 523; *Ehrman v. Stanfield,* 80 Ala. 118; *Payne v. Crawford,* 97 Ala. 604.

As a general rule a submission to arbitration at common law could be made by parol.—*Bird v. Odum,* 9 Ala. 755; *Martin v. Chapman,* 1 Ala. 278; *Smith v. Douglass,* 16 Ill. 34. An exception seems to have prevailed when the title to the thing in dispute could not pass by parol as in the case of the title to lands.—*Smith v. Douglass, supra; Bird v. Odum, supra; Fort v. Allen,* 110 N. C. 183. The mere matter of the locating the boundary of lands, however, does not involve the title. It relates only to the limit to which the land covered by the title extends.

In *Bowen v. Cooper,* 17 Watts, 311, it is said that "The statute of frauds is inapplicable to an award made under a parol submission which had nothing in view beyond the settling of a dispute as to the boundary of land and not the title of it. No right or title passes in virtue of the award; it merely fixes the boundary, and the title which existed previously becomes precisely located and limited by it."

A valid award upon such question of boundary is binding and conclusive upon the parties to it not as transferring title not previously held, but by way of

[Shaw v. State.]

estoppel upon them to dispute the boundary so established.—*Payne v. Crawford, supra; Davis v. Havard,* 15 Serg. & Rawle, 165; *Sellick v. Adams,* 15 Johns. 197; *Stewart v. Cass,* 16 Vt. 663, 12 Am. Dec. 534.

In this case there was no complaint of the award but the assent thereto of the parties is expressed by the signing of their names at its foot, and as to the location of the line it was executed on the part of defendant by the removal of his fence to his side of the line and the surrender thereby of the possession he had held of a strip of land on Gilbert's side, and on the part of Gilbert by the building of his fence on his side. The award followed by such assent thereto and by such recognition of the boundary established by it was conclusive upon them as to the extent of the lands owned by them, respectively.

The roadway does not appear to have been a subject of dispute before the arbitration. Not being embraced in the submission, the award as to it would have been void but for the assent of the parties. Their signatures to the award are evidence of such assent and of an agreement to leave space for the road which might be enforced by the appropriate remedy.

But neither the award nor the agreement created any property right or easement in favor of either party beyond his boundary line. An easement is an interest in land, and the title is said to lie in grant. It may pass by deed or dedication, or by prescription which presumes a grant.—6 Am. & Eng. Ency. Law, p. 143, and authorities there cited. There had been no user or possession of the road as such.

The offense is created by section 5624 of the Code, which by its terms applies to fences as well as enclosures so that it was immaterial that the fence was disconnected at one end.

From what we have said it follows that the court did not err in giving the written charge requested by the State.

Errors are assigned for the refusal of the court to give charges 2, 9, 11 and 13 requested by defendant, but the bill of exceptions fails to state whether those charges were given or refused.

No error appearing, the judgment of the county court will be here affirmed.

## On Rehearing.

SHARPE, J.—The return to the writ of *certiorari* granted in this cause brings up for review rulings of the trial court on certain charges requested by and refused to the defendant which rulings did not appear in the transcript when the appeal was first considered.

For the refusal of charge 2 the judgment must be reversed. A probability of the defendant's innocence is at least equivalent to a reasonable doubt of his guilt. *Henderson v. State,* 120 Ala. 360; 25 So. Rep. 236; *Carr v. State,* 106 Ala. 1; *Winslow v. State,* 76 Ala. 42.

The remaining charges requested by the defendant were properly refused. They are bad for reasons given in the opinion heretofore rendered, where among other things it was held that under the facts disclosed the defendant's property extended only to the boundary line established by the arbitration and that he had no easement or other property right in that part of the projected roadway which lay on Gilbert's side of that line, and therefore no right to throw down Gilbert's fence even though it stood within six feet of the boundary line.

The judgment must be reversed and the cause remanded for another trial.