[Cooper, et al. v. Slaughter.]

# Cooper, *et al. v.* Slaughter.

## *Trespass and Trover.*

(Decided January 18, 1912. 57 South. 477.)

1. *Principal and Agent; Trespass; Complaint.*—The rule being that what one does by another he does by himself, allegations that defendant committed trespass through their servants, agents or employees, are sufficient under counts claiming for the common law trespass, or the statutory penalty for cutting trees.

2. *Pleading; Demurrer; Sufficiency.*—Where a demurrer is interposed on the ground that certain counts did not allege any facts to show defendant's liability for any trespass by K or A, the demurrer is general and cannot be considered.

3. *Trial; Reception of Evidence; Conditional Objection.*—Where a party objected to evidence unless other facts are shown, this is a conditional objection and will not support error.

4. *Same; Discretion of Court.*—The acceptance or rejection of evidence not strictly in rebuttal is within the sound discretion of the trial court.

5. *Same; Statement of Ground.*—The statement of one or more grounds of objection to evidence is a waiver of all other grounds not stated.

6. *Witnesses; Examination; Leading Questions.*—Whether or not a court will permit leading questions to a witness is within the sound discretion of the trial court.

7. *Boundaries; Agreement; Mutuality.*—Where plaintiff testified to the authority of her agent, and that she had ratified the agreement, such testimony established the agreement as binding on her, and the mutual promises constituting a valuable consideration, it was proper to admit in evidence an agreement between adjoining landowners, signed by defendant and by S as agent for plaintiff, by which the parties agreed that each should employ a surveyor who should jointly locate the boundary line, and that they should abide by the line so established, over the objection by defendant that it is not shown to be binding on plaintiff and that it was without consideration.

8. *Same; Necessity of Writing.*—The common law submission to arbitration of a disputed boundary line need not be in writing and may be made in writing by an agent, having only verbal authority.

9. *Same; Evidence.*—In an action involving a disputed boundary it was not error to permit a party to show an instance in which her agent objected to the presence on the disputed strip of a party who had purchased from the opposite party, as it bore on the question of possession and control.

10. *Same; Maps.*—It was competent to introduce in evidence maps made jointly by two surveyors selected by the parties to determine the true boundary line, since apparently, the agreement was binding, and based on mutual promises.

11. *Same; Agreement.*—Where the action involved a disputed boundary line and there was evidence of an agreement apparently binding on both parties to appoint surveyors and abide by their decision, it was not error to charge that if the jury believe that defendant made an agreement with plaintiff to have the line ascertained by a survey, the jury might consider the agreement in connection with the other evidence in the case to determine whether or not defendant's possession of the disputed strip had been adverse.

12. *Same; Instructions.*—A charge asserting that if the jury believed that a boundary line was in dispute, and that the adjoining owners caused it to be established and acquiesced in the line as established, plaintiff would be deemed the owner of all lands up to such line, was correct, since the word "deemed" is equivalent to the word "presumed" and the word "acquiesce" not necessarily meaning only momentary acquiescence.

13. *Evidence; Opinion.*—Possession being a fact to which a witness may testify it is proper to ask a witness as to who was in actual possesison of certain lands.

14. *Same; Declaration as to Boundary.*—In an action of trespass involving the location of a boundary line, cross examination of a defendant as to acts and declarations of a co-defendant concerning the location of the boundary, and cross examination of defendant's witnesses relative to the same matter, was proper as bearing on the character of the co-defendant's possession.

15. *Adverse Possession; Character; Evidence.*—The submission to arbitration of a disputed strip, although no certificate of award has ever been made, when executed by an actual survey, is also competent as bearing on the location of the true boundary.

16. *Same; Disputed Boundary.*—Where two adjoining landowners claim to a certain line, believing it to be the true boundary line, and intending to claim only to the true line, and it afterwards developed that the line to which they claimed is not the true line, their holding cannot be said to be adverse.

17. *Same; Actual Possession; Instruction.*—Where the action was for trespass involving a disputed boundary line, and defendant by plea set up adverse possession and ownership, and it was admitted by the parties in open court that defendants were the owners of section 45, and that plaintiff was the owner of section 46, a charge asserting that if the disputed strip was in section 46, the jury could not find defendant to have been in adverse possession unless such possession was actual, was proper, since the plea of ownership to section 46 was refuted by the admission of defendant's ownership of section 45, and it was incumbent on defendants to prove their plea of adverse possession.

18. *Appeal and Error; Harmless Error; Evidence.*—Overruling a valid objection to a question not answered by a witness or answered favorably to the party objecting, is not prejudicial error.

[Cooper, et al. v. Slaughter.]

19. *Same.*—Where there was an apparently binding agreement in evidence and one of the surveyors had already testified a map made or purporting to have been made by two surveyors chosen under said agreement was properly admitted over the objection that it was not made under an agreement binding on the party objecting, although it added nothing to the testimony of the surveyor.

20. *Same; Harmless Error; Instruction.*—Where the parties by admission in open court limited the issues to the question of title, a charge relating only to the question of possession was harmless, if erroneous, especially where the jury, by their verdict disregarded the common law action.

21. *Same.*—Where the party complaining of the obstruction did not ask an explanatory charge, it is not error to reversal to give a charge which is not erroneous if construed in a certain way, although it might be erroneous if construed in another way.

22. *Same; Review.*—Objections not taken in the court below can not be considered on appeal.

APPEAL from Washington Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Mrs. Mary E. Slaughter against J. M. Cooper and another in trespass and for the statutory penalty for cutting trees. Judgment for plaintiff, and defendants appeal. Affirmed.

The pleadings are sufficiently noted in the opinion. The following are the assignments of error referred to in the opinion: (5) In overruling defendants' objection to the following question, put to the witness Mary E. Slaughter, in the management of certain lands in this county. (6) "Did you send Mrs. Slaughter here to Mobile, * * * and to take what steps as was necessary to adjust that dispute?" (7) To Bill King: "Did you ever cut any pine trees?" (8) To the same witness: "As a matter of fact, did not Mr. Slaughter tell you that the line was a great way up?" (9) Set out in opinion. (10) The map. (12) Question to E. M. Slaughter: "Did you ever take any steps to keep trespassers off this disputed zone?" (15) To witness Pelham: "You are the owner of some adjacent land south of section 45, land that adjoins section 45 on the

south?" (16) To the witness Coates: "Did you ever hear of Capt. Cooper claiming some land on the south end of section 45, in the town of St. Stephens?" (18) To Mrs. Cooper: "Have you ever claimed that the south boundary line of section 45, as you now claim it, was incorrect?" (19) To the same witness: "Did you, or Capt. Cooper, so far as you know, go to Mobile for the purpose of employing a lawyer to reclaim the property that was given to you on the south part of section 45?" (20) To the witness Turner: "When was that, Mr. Turner; about when?" (21) Same witness: "Did Mrs. Cooper know of your employment?" (22) To the same witness: "Mr Turner, did you ever hear anything of an old line Mr. Cooper claims as having been recognized for a number of years?" (24) Same witness: "Now, don't you remember exactly when it was; that is, to the best of your judgment, how long it has been?" (25) To the witness Williams: "Did Capt. Cooper ever tell you that you must pay him rent for the place on which you are living?"

The following charges were given for the plaintiff: (1) "If the jury believe from the evidence that the defendant J. M. Cooper made an agreement with the plaintiff to have the line dividing the northern portion of section 45 and the southern portion of section 46, township 7, range 1 west, ascertained by a survey, the jury may look to such an agreement, in connection with all the other evidence, in determining whether the possession of the defendants has been adverse or not." ·(3) "The court charges the jury that if two adjacent landowners claim up to a certain line, believing it to be the true line, and intending to claim only to the true line, wherever the true line may be, and it afterwards develops that the line to which they claim is not the true line, then their holding is not adverse." (2) "The

[Cooper, et al. v. Slaughter.]

court charges the jury that if they believe from the evidence that the boundary line in question was in dispute, and that the adjoining owners caused said line to be established, and that they acquiesced in said line, then the plaintiff would be deemed to be the owner of all lands north of the line so established, lying in section 46, township 7, range 1 west." (4) "If you believe from the evidence that the strip of land in question is in section 46, township 7, range 1 west, Washington county, Ala., then you cannot find that the defendants, or either of them, was in the adverse possession, unless you are reasonably satisfied from the evidence that such possession was actual." (5) "The court charges the jury that, before you can find for the defendant under pleas numbered 2, 3, and 5, you must be reasonably satisfied from the evidence that the defendants were in possession of all of section 46, township 7, range 1 west, in Washington county, Ala."

FITTS & LEIGH, and GORDON & EDDINGTON, for appellant. The 1st, 2nd, 3rd and 4th assignments of error are sustained by the case of *Williams v. Hendricks,* 115 Ala. 278. The 9th assignment is error.—Wigmore on Evi., sec. 793-4. The 10th assignment of error is well taken.—*Stein v. Ashby,* 24 Ala. 521; *Nolan v. Palmer,* 21 Ala. 66; *Cundiff v. Ormes,* 7 Port. 58; *Avery v. Searcy,* 50 Ala. 54; *Clements v. Pearce,* 63 Ala. 284; *Campbell v. State,* 23 Ala. 44. The witness was improperly allowed to state who was in actual possession of the land.—*Davis v. Arnold,* 143 Ala. 230; *Clither v. Fenner,* 106 Am. St. Rep. 978; *Woodstock Co. v. Roberts,* 89 Ala. 436; *Warren's case,* 91 Ala. 533. There was no question of possession, but one strictly and exclusively of ownership involved, and hence, there was error in admission of evidence as to the course taken

by plaintiff with respect to others intruding.—*L. & N. v. Hill*, 115 Ala. 334; *Davis v. Arnold, supra.* The charge complained of in the 26th assignment is bad.— Section 6035, Code 1907, and annotations; 66 L. R. A. 934. The charge pointed out in the 27th assignment is bad.—Authorities next above and *Gravelee v. Williams*, 112 Ala. 539. The same is true of the charge pointed out by the 28th assignment.—*Green v. The State*, 97 Ala. 60.

TURNER, WILSON & TUCKER, for appellant. Each count of the complaint claiming the statutory penalty is sufficient.—*Turner C. Co. v. Glover*, 101 Ala. 289; *Roger v. Brooks*, 99 Ala. 31. The agreement was properly admitted in evidence.—5 Cyc. 930; 31 Cyc. 1227; *Hess v. Rutter*, 117 Ala. 525; *Richmond L. & M. Wks. v. Moragne*, 119 Ala. 80. The map was properly admitted in connection with the surveyor's evidence.— *Driver v. King*, 40 South. 315; *Burton v. The State*, 115 Ala. 9. A witness may state who is in actual possession of land.—*Steed v. Knowles*, 97 Ala. 573; *Dorlan v. Wescovitch*, 140 Ala. 283. Adverse possession was not established.—*Goodson v. Brothers*, 111 Ala. 589; 1 Cyc. 999, and 1027. Oral agreements between joint owners establishing a boundary line are not prohibited by the statute of frauds.—*Shaw v. The State*, 125 Ala. 80; 5 Cyc. 931. It will be presumed that the agreed line was the true line according to the original location. —5 Cyc. 933.

SOMERVILLE, J.—The complaint is in six counts, of which the first, third, and fifth are framed under the statute to recover the penalty for willfully and knowingly cutting five pine trees, the property of plaintiff on section 46, township 7 N., range 1 W., Washington

county, Ala. The first count charges the cutting to the defendants; the second charges it to the defendants through their agents, servants, or employees; and the fifth charges that defendants caused one Bill King and one Lev Anderson to do the cutting. The second, fourth, and sixth counts are in common-law trespass, with the same variations noted, respectively, as to the first, third, and fifth counts.

Defendants demurred to the third and fourth counts collectively, and also to the fifth and sixth counts collectively, on the grounds (1) that they "do not allege that said *parties* were acting within the scope of their authority;" and (2) that they "do not allege any facts to show defendants liable for any trespass by Bill King or Lev Anderson." The demurrers were overruled, and in this there was no error. Had the third and fourth counts averred simply that the agents or servants of defendants willfully and knowingly cut the trees, or trespassed on the land, the first ground of the demurrer would doubtless have been well taken. But the averments are that *defendants* did those acts through their agents or servants. This was sufficient; for, "Qui facit per alium, facit per se." For the same reason, this ground of demurrer is still more patiently bad as applied to the fifth and sixth counts. The second ground is general, and could not, for that reason, be considered.

With respect to those assignments of error based on the rulings of the trial court on the evidence, the following principles are settled:

(1) When a party objects to a question, *unless* other facts are shown, this is but a conditional objection, and for overruling it the trial court cannot be put in error.

(2) The permission of leading questions, and the acceptance or rejection of evidence not strictly in rebuttal, are within the sound discretion of the trial court.

(3) The statement of one or more grounds of objection is a waiver of all other grounds not stated.

(4) Overruling a valid objection to a question not responded to by the witness, or else answered favorably to the objector, is not prejudicial error.

One or another of these principles will condemn the fifth, sixth, seventh, eighth, ninth, tenth, twelfth, fifteenth, sixteenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second, twenty-fourth and twenty-fifth assignments of error.

The ninth assignment relates to the admission in evidence of a written agreement, purporting to be between J. M. Cooper, one of the defendants, and E. M. Slaughter, "as agent for Mrs. M. E. Slaughter," the plaintiff, and purporting to be signed by "J. M. Cooper" and "E. M. Slaughter, Agent." The substance of the agreement was, that, to settle an existing dispute between them as to the boundary between sections 45 and 46, and to establish a correct line, each party should employ a surveyor who should jointly locate said line, and that they should abide by the line thus established, and that all disputes as to former lines should be thereby settled. The objections to its introduction were, in substance, that it was not shown to be binding on the plaintiff; and hence was not binding on the defendants, and was without any expressed considerations. The answer to these objections is (1) that the plaintiff had already testified to the full authority of her agent, E. M. Slaughter, to represent her in the adjustment of the dispute, and that she had ratified this agreement; and (2) the mutual promise to abide by the result was a sufficient consideration for the agreement.

The agreement was evidently designed as a common-law submission for arbitration and award; and, the issue being merely a disputed boundary, no writing was

necessary.—*Shaw v. State,* 125 Ala. 80, 28 South. 390. Hence, though the agreement was in fact in writing, it could ·be made, on behalf of the principals, by their authorized agents without any written authority. Had this agreement been fully executed by the *certification* by the arbitrators of the line established by them, it seems that this would have been conclusive of the whole dispute, and would have settled the issues of this case in favor of the plaintiff, operating by way of estoppel against the defendant's contentions.—*Shaw v. State,* 125 Ala. 80, 28 South. 390; *Moore v. Helms,* 74 Ala. 368; *Burrus v. Meadors,* 90 Ala. 140, 7 South. 469. A copy of a paper, purporting to be the certificate of the arbitrators as to the line established by them, is incorporated in the transcript, and marked "Exhibit C." But it nowhere appears that the certificate was introduced in evidence; and hence we cannot consider it here for any purpose. Nevertheless the agreement was in any case competent as an admission by Cooper to show the character of Cooper's claim to the disputed strip, and whether his asserted possession was or had been with the intention of claiming it absolutely, regardless of the true boundary, or only in case it lay within his true boundary, and was a part of his section 45. For this was one of the decisive issues in the case as framed by the pleadings. It was also, when executed by an actual survey and location, as was the case here, competent to show the location of the true boundary, and might .be strongly persuasive, if not conclusive, upon the issue. And we may add, as long as it was acquiesced in, it would be presumed to be the true boundary.

It is now argued that the paper in question was not identified by any witness. This objection, if valid, was not made in the court below, and cannot be here considered.

The tenth assignment relates to a map of section 45 and its environments, purporting to be made by the two surveyors chosen to establish the disputed line. It may, perhaps, be conceded that this map threw no light on the issues before the jury, or at least added nothing of value to the testimony of Nichol, one of the surveyors. If so, its admission was harmless to the defendants. However, the only objection made to its introduction was that "it was made under an agreement which is not binding on the defendant." The objection was not good, in view of the fact that an apparently binding agreement was actually in evidence; and other grounds of objection, if any there were, were waived.

Possession is a collective fact to which a witness may testify; hence there was no error in overruling defendants' objection to the question to E. M. Slaughter, "Who was in actual possession of section 46," etc?—*Woodstock v. Roberts,* 87 Ala. 436, 6 South. 349; *Carl v. State,* 125 Ala. 89, 28 South. 509. Moreover, the witness had already stated that the plaintiff was in possession, and this question was only cumulative.

Plaintiff was allowed to show a particular instance in which her agent objected to the presence on the disputed strip of an alleged trespasser who had purchased from Cooper, followed by an agreement permitting him to remain. Defendants' general objection to the question was overruled. As an act of possession and control, the facts stated were relevant and competent under the issues as framed. Defendants' motion to exclude the evidence, on the ground that plaintiff had not made out a prima facie case, was properly overruled.

The acts and declarations of J. M. Cooper, one of the defendants, with respect to the boundary between sections 45 and 46 and its proper location, were clearly

relevant, as bearing upon the character of his possession of the disputed strip, and the intent with which it was held by him. Hence plaintiff was properly allowed, on cross-examination, to ask Cooper's wife, his co-defendant, if Cooper had hired a surveyor "to run out his holdings." And also to ask defendants' witness Turner, who had surveyed section 45 at the instance of J. M. Cooper, as to the latter's statements made and instructions given to him at the time in regard to the running of the lines. These considerations dispose of the eleventh, thirteenth, fourteenth, seventeenth, and twenty-third assignments.

Besides the general issue, the defendants pleaded specifically (2) "that they are the owners of the property described in the complaint;" (3) "that they have been in open, notorious, peaceable, adverse, and hostile possession of said property for a period of over ten years; (4) "that there has been no timber cut, as described in said complaint, beyond a boundary line acquiesced in by plaintiff and defendants as the true dividing line for a period of many years;" (5) "that they have been in adverse possession of the property described in the complaint, under color of title, for a period of over 10 years." The bill of exceptions contains this recital: "It is admitted in open court that, for the purpose of this trial, the plaintiff admits that the defendant is the owner of section 45, township 7, range 1 W.; and the defendant admits that the plaintiff is the owner of section 46, township 7, range 1 W.; that section 46 lies north of section 45; that the land in dispute, or the line in dispute, is the line dividing and is the south boundary line of 46 and north boundary of 45; the plaintiff contending that the timber in controversy was cut on 46, and the defendant contending that it was cut on 45."

This admission being conclusive as to the facts recited, the only remaining issue for the jury to determine, under counts 1, 3, and 5 for statutory damages, was whether the trees in question were willfully and knowingly cut north of the line that properly divides sections 45 and 46. If cut to the north plaintiff was entitled to recover, and if cut to the south the defendants were entitled to a verdict, on the undisputed evidence. It is conceded by appellants that the verdict of the jury was for statutory damages only, and not for common-law trespass. Indeed, the fact is sufficiently evident, since the verdict was for $50.00 (for five trees, at $10 each), and only $10 was claimed for the trespass.

Exception is taken to the giving of five written charges at the instance of plaintiff, which, for convenience, we number consecutively.

Charge 1 asserts a correct proposition of law, and giving it was not erroneous on any theory of the case.—*Walker v. Wyman*, 157 Ala. 478, 47 South. 1011, and cases cited.

Charge 2 asserts a correct proposition of law; for, if a disputed boundary be established by the agreement of the parties, in which they acquiesce, then each is presumed prima facie to own up to the line of his side. "Deemed," as used in this charge, is clearly the equivalent of "presumed"; nor does "acquiesce" mean necessarily *only for a moment*. If these terms had any tendency to mislead in these respects, an explanatory charge should have been requested. Moreover, the charge limits the presumption of ownership to land lying in section 46—a fact conclusively admitted by the admission recited above.

Charge 3 asserts a correct proposition of law; there being no evidence that defendants had any color of title to any part of section 46.

[Cooper, et al. v. Slaughter.]

Charge 4 is not erroneous, for the following reasons: (1) The plea of ownership set up in plea to the whole of section 46 described in the complaint is conclusively refuted by the admission referred to above. (2) If this admission leaves any vitality in pleas 3 and 5, and we think it does not as to the statutory counts, it was nevertheless incumbent upon defendants to prove the pleas as framed, and this, on the undisputed evidence, they did not even pretend to do.

Charge 5, whether right or wrong, as it related only to possesison, cannot furnish a predicate for reversible error; for that issue was, by the formal admission of defendants, eliminated from consideration under the statutory counts, and by the verdict of the jury the trespass counts were disregarded. However, we think the charge is a correct statement of the law if by "disputed posesssion" is meant—as may well be the case— a visibly contested possession. And, although the words *may* mean only a *verbally* disputed possession, such a meaning will not be imputed for the purpose of putting the trial court in error. Defendants should have asked for an explanatory charge, if they feared the misleading tendency of the language used.

We find no prejudicial error in the record, and the judgment is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.