241 So.2d 336

Clarence BERRY

v.

STATE.

8 Div. 59.

Court of Criminal Appeals of Alabama.

Nov. 17, 1970.

Sullins & King, Huntsville, for appellant.

MacDonald Gallion, Atty. Gen., and Joseph Victor Price, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Hit and run driving (Act 427, approved July 9, 1945): sentence, four years.

**I**

In Birt v. State, 156 Ala. 29, 46 So. 858, we find the following practice note:

"There were requested in behalf of the state upwards of 20 special charges. In

these it was attempted to state numerous phases of the law conceived to be applicable to the cause. The safer practice in criminal prosecutions is for the state to sparingly, and then only when the ground is plain, exercise the privilege of asking special instructions by the court. * *."

In the trial sub judice, the State (through its special prosecutors) requested 24 written special charges of which the trial judge granted nine. Of these at least two were plainly wrong in law, viz:

"19. I charge you members of the jury that it is the duty of the defendant in proving an alibi to reasonably satisfy you that he was elsewhere at the time of the commission of the offense.

"22. I charge you members of the jury that if you believe the alibi present in this case was not interposed in good faith or evidence thereof was false that you may discredit the circumstances which surround it."

■ Charge 19 above would raise alibi to the level of an affirmative defense such as double jeopardy or insanity. Alibi is within the general issue and is comprehended in the plea of not guilty. Albritton v. State, 94 Ala. 76, 10 So. 426.

Since the State must prove the agency of the defendant beyond a reasonable doubt, his testimony that he was somewhere else is to be considered by the jury as to whether or not doubt is dispelled.

All cases on jury charges as to alibi before 1939 must be reevaluated in the light of the opinion in Ragland v. State, 238 Ala. 587, 192 So. 498. See Cox v. State, 280 Ala. 318, 193 So.2d 759.

■ State's Charge 22 fails to embrace a consideration of all the other evidence and, therefore, singles the defense of alibi out of proportion. See Philyaw v. City of Birmingham, 36 Ala.App. 112, 54 So.2d 619.

In view of the possibility of another trial we consider that defendant's refused Charges 3 and 5, if modified so as to be premised on a consideration of all the other evidence, should be given. See Charge 5 in *Ragland,* supra, and Charge 3, Price v. State, 20 Ala.App. 201, 101 So. 300.

II

■ State's Charge 10 uses belief without adding beyond a reasonable doubt and is bad.

III

■ We consider that reversible error was made in admitting hearsay testimony as to a non-witness's giving Berry's license number. The record shows:

"Q Officer Dent, I will restate the question that I had asked you earlier. Did your investigation reveal the tag number of the vehicle?

"A Yes, sir.

"MR. KING: We object to it on the ground that it would be hearsay. It is not the best evidence. Any witness which this officer may have obtained the tag number from is not present in court and is not subject to cross-examination. The Defendant will be denied the right of cross-examination of a witness who would have obtained any tag number. The Defendant is denied the right to inquire into the manner of obtaining the tag number and denied the right to test the veracity of any witness which may have given a tag number to this officer. We say it is hearsay and not the best evidence.

"THE COURT: Overruled.

"Give Mr. King a continuing objection and an overruling of his objection by The Court on any question of this witness

pertaining to the taking of a tag number at the scene.

"Q  Did you receive a tag number?

"A  Yes, sir, I did.

"Q  Did you have occasion to interview one Christopher Wilford at the scene of the accident?

"A  Yes, sir, I did.

"Q  What did this investigation or interview reveal?

"MR. KING: We object to that, Your Honor.

"THE COURT: Well, I have given you a continuing objection and an overruling by The Court on all questions of this witness pertaining to this.

"MR. KING: Thank you, Your Honor.

"A  Mr. Wilford came up to me at the scene of the accident and introduced himself to me and told me that he had been standing over on the other side of the street at Royal Chevrolet at the time of the accident and—

"Q  We just want to know what your investigation revealed as to the tag number, Officer Dent.

"A  He gave me a tag number, which was a 1968 Alabama tag, 47–89181.

"Q  What was that again?

"A  1968 Alabama tag number 47–89181.

"Q  89181?

"A  Yes, sir."

The objection was well taken. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.

For the errors noted, the judgment below is reversed and the cause remanded for trial de novo.

Reversed and remanded.