LEIGH M. CLARK, Retired Circuit Judge.
Appellant was convicted of buying, receiving, concealing or aiding in concealing a Lincoln Mark IV automobile of the value of seven thousand three hundred dollars, in violation of Code of Alabama, Recomp.1958, T. 14, § 338. The court fixed his punishment and sentenced defendant to imprisonment in the penitentiary for one year and one day, the minimum prescribed by T. 14, § 331.
Clifford W. Lynch testified that he was the owner of the automobile and that it was stolen on January 28, 1976. On February 22, 1976, he saw the automobile on the south side of Birmingham; he identified the car from burnt marks, a nick on the chrome trim and from the fact that the dealer’s emblem on the automobile was loose, as it was when it was stolen. Mr. Lynch promptly reported to the police the theft of the automobile and promptly reported to them his location thereafter of the automobile. On the same day he went with Officer Cooley of the Mountain Brook Police Department to the place where the automobile was seen, and saw defendant at the house where the automobile was located.
Officer Cooley testified that he went to the house of defendant on February 22, 1976, that defendant was in his house when he first saw him, that he came outside to talk with the witness, and that he had keys that fit the automobile. He also had what purported to be a bill of sale to the automobile with the name of Clifford W. Lynch affixed to it. The purported bill of sale was dated January 29,1976, and indicated a sale price of four thousand two hundred dollars. The evidence is undisputed that the affixation of Mr. Lynch’s name to the document was a forgery.
The testimony of Mr. Lynch and Officer Cooley and the purported bill of sale constituted all of the evidence in the case. After the State rested, the defendant rested without presenting any testimony.
Appellant’s prime contention is that the trial court committed error in overruling objection to a question by the State addressed to Officer Cooley as to the serial number, or identification number, of the automobile. Appellant asserts that such evidence was hearsay upon the part of the witness and for that reason was inadmissible. He relies largely upon Berry v. State, 46 Ala.App. 308, 241 So.2d 336 (1970), in which it was held that in a prosecution for a motorist’s leaving the scene of an automobile accident without giving his name, etc., the testimony of an officer as to what was told him by a witness of the accident as to the tag number of the automobile was inadmissible hearsay.
The particular ruling now complained of is in the record as follows:
“Q Officer Cooley, did you have occasion to investigate a case in which a Lincoln was stolen some time back in January 28, 1976?
“A I didn’t investigate the theft.
“Q Did you make an arrest in that instant?
“A Yes, sir, I did.
“Q And do you have some police records with you?
“A Yes.
“Q What was the date the car was stolen?
“A 1/28/76.
“Q And do you have the serial number of that vehicle?
“A Yes, I do.
“Q What is the serial number or the VIN, vehicle identification number?
“MR. DINSMORE: I object to that as being hearsay unless he read it off the car itself.
“THE COURT: Overruled.
“MR. DINSMORE: We except.
“THE WITNESS: Go ahead?
“THE COURT: Yes, sir.
“A 4YL89A844689.
“Q Now, does each vehicle have a different number to it?
“A Yes, sir.”
*1147 Thereafter, the witness testified as to his going to the residence of defendant on February 22, 1976, as follows:
“Q Was that a residence?
“A Yes, sir.
“Q Was that residence located in Jefferson County, Alabama?
“A That is correct.
“Q Did you see a vehicle in the driveway there?
“A Yes, I did.
“Q And could you describe that vehicle? “A Yeah, it was a blue Continental Mark IV.
“Q And did you check the serial number on it?
“A Yes, sir.
“Q Did it match the serial number reported stolen earlier by Mr. Lynch?
“A Yes, sir.”
On cross-examination, the witness testified:
“Q Did you personally look at the vehicle identification number of that car that you saw at Hanover Circle?
“A Yes, sir.
“Q Did you write it down?
“A Yes, sir.
.“Q Is it on your report?
“A Yes, sir. It’s on the report.
“Q Will you show it to me, sir?
“A (Indicating)
“Q This is in your own handwriting? “A Yes, sir.
“Q Was this report in your own handwriting?
“A Yes, sir.
“MR. DINSMORE: That’s all I have.”
Mr. Lynch testified that he did not have in mind the identification number of the automobile, but at the time he reported the theft to the police he gave them the identification number, which he had obtained either from his insurance policy or from the insurance agent.
The context preceding the question addressed by State’s counsel to Officer Cooley, as to the serial number, or identification number, of the automobile indicates that the question was referable to the number as of the time of the theft, January 28, 1976. However, defendant’s objection to the question “as being hearsay unless he read it off the car itself” indicates that the objector considered the question as referable to the number on the automobile the day it was first observed by Officer Cooley, which according to the undisputed evidence was January 28, 1976. The record shows that Officer Cooley personally looked at the identification number of the automobile at that time and wrote it down in his report, and thus satisfied the condition stated by the defendant’s counsel for the admission of the evidence without objection. Furthermore, the record shows, as indicated by the portions thereof quoted above, that defendant did not object to evidence by the witness as to the serial number of the automobile reported by Mr. Lynch soon after the theft.
It is difficult to understand just what was meant by the particular objection, or how it was interpreted by the trial court. We realize that at times in a trial a party will make a conditional objection to purported testimony, that there will be an understanding among all concerned that the evidence will be conditionally admitted subject to its being excluded if the condition is not met, or that it will be conditionally rejected until the condition is met, and that in accordance with such an understanding each party is protected, or can protect himself, as to his position on the matter. Even so, in the absence of a clear showing that the objector was in effect requesting, or had the right under the circumstances to expect, the trial court to shepherd the parties through the future course of evidence along the particular line, which showing does not appear here, the trial court should not be put in error for overruling that which is not an unequivocal objection.
“When a party objects to a question, unless other facts are shown, this is but a conditional objection, and for overruling it the trial court cannot be put in error.” Cooper v. Slaughter, 175 Ala. 211, 217, 57 So. 477, 479 (1912)
*1148 The circumstances here permit the application of the quoted principle. We find no error in the particular ruling of the court.
There was ample evidence to support the verdict of the jury. From the possession of recently stolen property, the jury can infer the criminal state of mind requisite to the offense of buying, receiving, or aiding in concealing stolen property, in the absence of a reasonably satisfactory explanation of the possession inconsistent with the inference. Hunt v. State, Ala.Cr.App., 331 So.2d 834 (1976); Vines v. State, 57 Ala.App. 117, 326 So.2d 307 (1976); Character v. State, 51 Ala.App. 589, 287 So.2d 916, cert. denied 291 Ala. 775, 287 So.2d 919 (1973); Rhone v. State, 53 Ala. App. 338, 299 So.2d 781 (1974).
Defendant’s only explanation of his continuous possession of an automobile for about a month after it had been unquestionably stolen was to the effect that it had been sold to him by the purported owner as evidenced by a bill of sale that was unquestionably a forgery. This explanation, though conceivably true, has its obvious weakness. Its reasonableness vel non presented a question of fact to be determined by the jury.
The record discloses no error prejudicial to defendant, and the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a Judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court.
The judgment below is hereby
AFFIRMED.
All the Judges concur.