48 So.2d 536

**ISAACKS v. CLAYTON.**

7 Div. 8.

Supreme Court of Alabama.

Nov. 9, 1950.

Embry & Embry, of Pell City and T. Eric Embry, of Birmingham, for appellant.

W. T. Starnes, of Pell City, for appellee.

SIMPSON, Justice.

Complainant Isaacks has appealed from a final decree determining a disputed boundary line between coterminous tracts of land, in which decree the court established the line as contended for by the defendant, Clayton. § 2, Title 47, Code 1940; § 129, Title 13, Code 1940.

It is not necessary to describe the disputed area of land other than to observe that the complainant's land was south and the respondent's land north of the disputed line. The area in dispute was about thirty or thirty-five feet in width and extended across a part of the SE ¼ of Section 14, Township 16 South, Range 2 East. The evidence was heard ore tenus in open court.

■ It was the contention of the complainant in the trial below and renewed here that the division line between the lands of the parties was an old established line which had been recognized between the coterminous landowners for more than twenty years and that the respondent, some few years previous to the institution of the suit, caused the land to be re-surveyed, established a new line, and fenced up the disputed area, which complainant owned. Had this been all the evidence, the complainant, of course, would have been entitled to a favorable decree establishing the line as contended for by him. This under the well-known principle that if two owners of adjacent lands agree on a division line between tracts of land, and each holds possession for ten years, claiming to said line, the title becomes perfect without regard to the true location of the boundary line between them. Gunn v. Parsons, 213 Ala. 217, 104 So. 390(2); Branyon v. Kirk, 238 Ala. 321, 191 So. 345; Duke v. Wimberly, 245 Ala. 639, 18 So.2d 554.

■ But adverse possession may be abandoned and if one of the adjoining owners repudiates the dividing line and establishes a different line and erects his own fence and holds possession adversely up to said fence line for a period of ten years, the former title of the adjacent landowner is thereby divested. Stated another way, when an adjacent landowner proceeds to enclose his property and erects a fence intended as a line fence and holds actual and exclusive possession to it as such, his possession is adverse and if continued for ten years ripens into title. Denton v. Corr, 253 Ala. 497, 45 So.2d 288; Brantley v. Helton, 224 Ala. 93, 139 So. 283; Lyons v. Taylor, 222 Ala. 269, 132 So. 171.

■ Decision here is governed by the last stated principle. The tendency of the evidence for the respondent established rather preponderantly that more than ten years before the institution of the suit he had the division line between the respective tracts of land surveyed to establish the true government line; that it was so established and he immediately erected a division fence and has been in the actual, open, notorious, and exclusive possession thereof continuously since that time and

452

cultivating the land up to the fence. This possession for the stated period perfected his title to the land up to the fence and whatever may have been the condition of the title to the property prior to that time, it cannot avail to dispossess him now.

The claimed fact that the complainant had no actual knowledge of the adverse possession of the disputed strip of land by the respondent in no way detracts from the governing principle or prevents the perfection of the respondent's title. When the possession was thus as open, visible and notorious as it was, notice is imputed to the complainant. "* * * such actual possession, being a patent fact, furnishes evidence of its own existence, and is the equivalent of actual notice of the claim under which it is held." Gerald v. Hayes, 205 Ala. 105, 106, 87 So. 351, 352; 2 C.J.S., Adverse Possession, § 45, p. 560, 561.

The evidence, as observed, was heard orally before the court and under the well settled presumption attending decision under such circumstances, the finding on the issue will not be here disturbed. Huckaba v. Hill, 209 Ala. 466, 96 So. 569; Ray v. Richardson, 250 Ala. 705, 36 So.2d 89.

We find no error to reverse.

Affirmed.

FOSTER, LIVINGSTON, and STAKELY, JJ., concur.