81 So.2d 274

**(Mrs.) Mattie ELLIOTT et al.**

**v.**

**Clyde LENOIR et al.**

**2 Div. 317.**

Supreme Court of Alabama.

May 12, 1955.

Rehearing Denied June 23, 1955.

Lindsey & Christopher, Butler, for appellants.

74

Adams & Gillmore, Grove Hill, and Zack Rogers, Jr., Butler, for appellees.

PER CURIAM.

This is a controversy over a strip of land separating other lands owned by complainants and respondents, respectively. The respondents have the strip enclosed with a fence along with other land used as a pasture. The equity of the bill is the settlement of a disputed boundary line. Section 2 et seq., Title 47, Code.

The land in controversy is about 3.1 acres situated in the NE¼ of NE¼ of Section 8, Township 10 N, Range 2 W in Choctaw County. Land immediately east is section 9; that north of section 9 is section 4; and that north of section 8 is section 5.

In 1905 one J. B. Wimberly was the predecessor of both parties in their claim. On April 10, 1905 he conveyed to Elliott (the predecessor of respondents) a tract described as containing 30 acres more or less: some of which was in section 4, some in section 5, and some in section 8, supra. On October 12, 1905 Wimberly deeded to Lenoir (the predecessor of complainants) all of the NE¼ of NE¼ of Section 8, Township 10, Range 2 W, less 10 acres more or less in the NE corner deeded to Elliott. On August 20, 1906 Elliott deeded to Martin the 30 acre tract by the same description as in the deed from Wimberly to him. On January 15, 1915 Martin deeded back to Elliott 10 acres in the NE corner of NE¼ of NE¼ of Section 8, Township 10, Range 2 W. The foregoing constitutes all the muniments of title which affect the controversy.

The land has been surveyed by a competent surveyor, and from that survey it appears that the description of the tract contained in the deed from Wimberly to Elliott and from Elliott to Martin embraces more than 10 acres in the NE¼ of NE¼ of section 8. Ten acres square is of course 660 feet each way. The tract as thus described in the Wimberly deed contains an area in the NE corner of the NE¼ of section 8, 749 feet east and west and 660

feet north and south. So that said description embraces a tract consisting of 89 feet east and west and 660 feet north and south, lying immediately west of a 10 acre square tract in the NE corner.

The deed from Martin to Elliott in 1915 conveyed 10 acres in the NE corner of the section. According to the muniments of title Martin retained the ownership of the small tract 89 feet wide above referred to when he made his deed to Elliott of the 10 acres in the NE corner. Therefore at the time this bill was filed by the heirs of Lenoir against the heirs of Elliott neither of the parties to this cause had a muniment of title covering the small tract of 89 feet in width, but they were coterminous owners in respect to the south line of said 10 acre tract in the NE corner. There is a fence extending from the NW corner in a southeasterly direction beginning at a point on the north line of section 8, 54 feet west of a point on the said line which is 660 feet west of the section corner. Said fence crosses the west line of a 10 acre tract in that corner and passes through the SW corner of said tract and extends further toward the southeast 405 feet to a point 289 feet west of the east section line and then due east to the section line.

The Elliotts claim that the land lying northeast of the fence has become theirs by adverse possession. They do not have color of title to it as thus described but their color of title, as stated above, embraces only 10 acres in a square in the northeast corner. Their claim with respect to a part of said small strip lying west of the 10 acre square is designated by their fence and according to that fence as a line a small area in the southwest corner of the 10 acre tract is not claimed by them, whereas a tract of approximately 3.1 acres lying south of the 10 acre square and east and north of their fence is claimed by the Elliotts by adverse possession without a muniment of title.

So the controversy between the parties to this suit, the Lenoirs as complainants and the Elliotts as respondents is principally the ownership of the 3.1 acres south of the ten acre square. Neither of them has a muniment of title to the small strip 89 feet wide west of the ten acre square. On the west side they are not coterminous owners, while on the south side of said tract they are coterminous owners.

Appellants claim that complainants have not established any right to equitable relief because the bill alleges that they are the owners of the NE¼ of NE¼ of Section 8, Township 10, Range 2 W, except 10 acres in the NE corner, more or less, whereas they show that they do not own all of said 40 acres less just 10 acres, but that there is another strip west of that 10 acre square and in said forty which they do not own. It is correct that if complainants and respondents are not adjoining property owners they do not have a boundary line dispute which is subject to be determined in equity. Section 2 et seq., Title 47, Code. The parties must be coterminous owners. It is true that the evidence shows they are not coterminous owners in respect to the west line of appellants' tract of 10 acres in the NE corner of the forty. But they are coterminous owners as to the south line of said tract. Section 3, Title 47 provides that in such a suit in equity to determine disputed land lines the court will determine all adverse claims in respect to any portion of the land involved which may be necessary for a complete settlement of the boundary line. It was therefore the province of the court to determine whether the appellants have established their claim of title by adverse possession of the 3.1 acre tract south of their 10 acre square tract in the NE corner.

The equity of the bill is sustained by reason of their dispute as to the southern boundary line, though not as to the western boundary line. But the failure of proof to that extent does not defeat a right to establish south line and in doing so determine the question of adverse possession. The complainants are not required to prove that they are entitled to all the relief sought in order to be able to obtain some substantial relief sought which is proven. Bogan v. Daughdrill, 51 Ala. 312(4), 316.

The testimony on the issue of adverse possession by the Elliotts, which was the only issue tried in the case, was taken *ore tenus* before the trial judge. His decree was in substance that the south line of a 10 acre square in the NE corner of the quarter section was the true dividing line between the complainants and respondents in that area, and that the Elliotts had not acquired the 3.1 acre tract by adverse possession. He also in substance decreed that the Elliotts owned no more than a 10 acre square in said corner and had not acquired by adverse possession any part of said small tract 89 feet wide west of the 10 acre square. That holding is not properly within the issues between the Lenoirs and Elliotts for according to the muniments of title it is still owned by Martin for it was embraced in a deed from Elliott to Martin and in the deed from Wimberly to Elliott, but not in the deed back from Martin to Elliott. The Lenoirs disclaim ownership of the 89 foot strip; but contend that the court was correct in decreeing that the Elliotts acquired no part of it by adverse possession. That finding of the court was as to a status existing between the Elliotts and Martin and was not involved in the controversy between the Lenoirs and the Elliotts. Therefore, it should be stricken from the decree of the court leaving a justiciable controversy as to the southern boundary line of the 10 acre square tract in the NE corner.

There is no serious controversy that the Elliotts are in possession of approximately 3.1 acres south of said 10 acre square tract, to which they have no muniments of title and of which the Lenoirs have a muniment of title. The court found, as stated above, that the Elliotts have not acquired that tract by adverse possession, and that is the only controversy which is justiciable between the parties. This 3.1 acre tract is a part of a pasture which has been used for a long time by the Elliotts, but there is evidence they were not adverse users; that the original Elliott owner together with the original Lenoir owner understood each other with respect to it. There has been no adverse possession by the Elliotts with respect to it

other than its enclosure in their pasture, but with a recognition of the claim of the Lenoirs often manifested. They have not cut any appreciable amount of timber on it, nor have they paid taxes on it so far as the record shows.

So that, the court's finding that the Elliotts have not acquired said 3.1 acre tract by adverse possession should not be disturbed on this appeal. But the decree of the trial court should be modified by eliminating from it consideration of the west line of the east 10 acre tract in the NE corner of the quarter section, and the decree as thus modified should be affirmed, with the costs taxed against appellants.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Modified and affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.