110 So.2d 277

Edsil Claude WALLS et al.

v.

J. W. BENNETT.

7 Div. 412.

Supreme Court of Alabama.

March 19, 1959.

**684**

Chas. Thomason, Anniston, for appellants.

Young, Aird & Young, Anniston, for appellee.

LIVINGSTON, Chief Justice.

Appellants, E. C. Walls and wife, filed their bill of complaint to determine the correct boundary line between their property and the property of appellee, J. W. Bennett. The disputed line is Walls' east boundary and Bennett's west boundary, which runs northerly from the half section line to the south right-of-way of the Bankhead Highway, U.S. 78.

Appellants contend that the true line is described as follows:

"The point of beginning being 75 feet, more or less, west of where the Shallow Ford Road intersects an old public road (now abandoned) the point of beginning being also described as the southwest corner of the property formerly owned by J. W. Swann (now owned by J. W. Bennett), which point is where the abandoned roadway intersects the east and west center line of Section 19, thence in a northwesterly direction along the old J. W. Swann's west line to the southern boundary line of Highway 78, known as the Bankhead Highway, all in section 19, Township 16, Range 9 east, in Calhoun County, Alabama."

Appellee contends that the true line is described as:

"Commence at an iron stake marking the location of the northwest corner of the NE–1/4 of the SW–1/4, which stake also marks the southwest corner of the SE–1/4 of the NW–1/4 of Section 19, Township 16, Range 9 east, situated in Calhoun County, Alabama; run thence east along the east-west center line of said section 948 feet to a point where an abandoned road, formerly known as the 'Jamback' road, branches off in a northerly direction from the said center line of said section for a point of beginning; thence at an angle of North 7° 35′ 206 feet to a point on the south right-of-way line of U. S. Highway 78."

As can be seen, the main controversy is as what point the abandoned or Jamback road "intersects" (appellants' description) or "branches off" (appellee's description) from the east-west center line of Section 19. Also, one of the calls in the Walls, Hughes, DeArman deeds was "along said abandoned roadway 75 feet more or less to the southwest corner of property now owned by J. W. Swann (the Bennett property) which point is about where said aban-

doned roadway intersects the East and West center line of Section 19." The location of the Swann-Bennett corner was of utmost importance and the essential issue in the case. This became largely a question of fact which the trial court resolved in favor of appellee.

Appellants' first assignment of error is that the "court below erred in the final decree rendered in said court on April 3rd, 1958."

Bennett purchased his land in 1953, which was described in part as the John W. Swann lands. The Walls purchased their land in 1956 from Hughes. In 1954, Bennett built a house on his property near the line. Before he built, he asked his neighbor and the then owner, Hughes, to point out the line between them. Both Hughes and Bennett testified that Hughes pointed out the line and Bennett then built his house east of that line.

When appellants purchased their land from Hughes in 1956, E. C. Walls testified that Hughes showed him the line, that the Bennett house was plainly visible, that the line pointed out by Hughes was west of the Bennett house, that he did not think he was buying the house, that he did not make any claim to the house when he took the conveyance from Hughes, and that Bennett was in possession of the land he now claimed when he purchased from Hughes.

Hughes had purchased the land from the heirs of William J. DeArman, who had owned the lands prior to 1915. The deed to Hughes contained a map as an exhibit which was recorded with the deed. It is this map that furnishes the basis for the controversy. It is not disputed that the map, as drawn, places the east line of appellants' land east of the Bennett house and includes the house and a strip of land both north and south of the house. The surveyor who drew the map stated that he drew it from a prior map he had made for J. W. Swann, who had formerly owned the Bennett land. The surveyor testified

on both direct and cross-examination that the map attached to the deeds was inaccurate, and Swann testified that he had called the inaccuracy in the original map to the surveyor's attention many years ago when the original had been made.

Swann testified that he purchased the Bennett land in 1915, and in 1920, William J. DeArman, the then owner of the Walls' land, showed him the line between them, that his tenants cultivated up to the line, a hedgerow, for years, that the line pointed out by DeArman continued to be the line until 1949 when he sold the land, that the line had never been disputed while he owned the land, and that the Bennett house was on the east side of that line.

The same surveyor who had made the original map for Swann, and the drawing from it which had been attached to the Walls' deed, also made the map which showed the line Bennett claimed, and which the court used for a description of the true line. He did not say this last map was inaccurate. The last map showed the line as pointed out by Swann.

After hearing the evidence with the witnesses before him, the trial court found:

"From such evidence the court finds that the parties to this suit are the owners of adjoining property; that prior to the purchase by the complainants of the property described in their Bill of Complaint on the 28th day of April, 1956, the predecessors in title of the complainants and the respondent had occupied a well-defined and well-recognized line as the dividing line between the property so acquired by the complainants and the property of the respondent; that the grantors in the deed to complainants pointed out to the complainants the actual location of this recognized boundary line before the complainants purchased the said property; that respondent and his predecessors in title had occupied up to this said line for a period of more than 30 years; that all of the prede-

cessors in title of the complainants and the respondent had known and recognized such line to be the dividing line between the properties so held and so occupied by the complainants and their predecessors in title and the respondent and his predecessors in title."

Both sides concede and argue that "if two owners of adjacent lands agree on a division line between tracts of land, and each holds possession for ten years, claiming to said line, the title becomes perfect without regard to the true location of the boundary line between them." Lewis v. Parsons, 263 Ala. 647, 83 So.2d 220, 222; Isaacks v. Clayton, 254 Ala. 450, 48 So. 2d 536. They concede that DeArman and Swann did agree as to the line in 1920, but the question of fact still remained as to the location of the line on which they agreed.

In a boundary line case, we have said that "while the deeds furnished the means of locating the boundaries, their actual locations was an independent inquiry." Parkman v. Ludlum, 260 Ala. 235, 69 So. 2d 434, 438.

We have also said that in determining a boundary, defined terminal points and fixed boundaries dominate over courses and distances in a description. Blalock v. Johnson, 256 Ala. 349, 54 So.2d 611.

The weight of the evidence before the trial court supported the contention of appellee as to the true location of the line. We also said in Parkman v. Ludlum, supra:

"The court having heard the witnesses ore tenus, every presumption will be indulged in favor of the trial court, and its finding and decree will not be disturbed unless palpably wrong. There is ample evidence to support the decree rendered."

The other assignment of error charges that the court erred in sustaining objections to offers in evidence of abstracts of title to the properties of Walls and Bennett. The trial court ruled correctly. Title was not an issue. The issue was where the dividing line was between the coterminous owners. Parties to a boundary line dispute action must be coterminous owners, and equity is without jurisdiction in such a proceeding unless the complainant owns land adjoining respondent's at the disputed boundary. Elliott v. Lenoir, 263 Ala. 73, 81 So.2d 274; McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160; Title 47, Sects. 2 and 3, Code of Alabama 1940.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.