147 So.2d 278

Robert L. DARDEN et al.

v.

W. Goss GRIMES et al.

5 Div. 745.

Supreme Court of Alabama.

Oct. 18, 1962.

Rehearing Denied Dec. 20, 1962.

Thomas Reuben Bell, Sylacauga, for appellants.

Dempsey & Hardegree, Ashland, for appellee Grimes.

SIMPSON, Justice.

This case was commenced by a bill of complaint in equity seeking a determination of a disputed boundary line between the owners of adjoining lands, brought by the heirs of W. F. Darden against W. Goss Grimes, alleging that the Dardens own the Southwest Quarter of Section 29 and that Grimes owns the East half of the Southeast Quarter of Section 30, adjoining lands in Township 24 North, Range 18 East, Coosa County, Alabama. The location of the true section line dividing Section 29 and Section 30 is in dispute.

The trial court heard the evidence ore tenus and entered a final decree fixing the boundary line in accordance with the contentions of the respondents. From this decree complainants appeal.

Appellants argue that the decree was against the great weight of the evidence in establishing the section line according to appellees' surveyor.

Two surveyors located the disputed section line. Appellants' surveyor testified that he located the line and made reference to the field notes of the original government survey relative to the Northwest corner of Section 29 and that he was unable to locate any of the reference trees and testified that he did not think it would be possible to identify the trees mentioned in the field notes at this time. Appellees' surveyor testified that he had made an effort to locate evidence of the original landmarks or reference points referred to in the field notes or government survey which he used, and located several of the remains of stumps as mentioned in the field notes.

In addition to the testimony of the two surveyors, both of whom were shown to be experienced, capable engineers, the court heard the testimony of many witnesses who professed to be familiar with the true line. All of the evidence was not in accord. However, the trial court was the arbiter of this dispute. Unless the evidence as shown by the record indicates that his finding was palpably wrong or manifestly unjust, it is not our province to change it here. Every presumption should be indulged in favor of the conclusion reached. Conscious of this well settled principle, we have carefully read the entire record and find ample evidence to support the decree rendered. Parkman v. Ludlum, 260 Ala. 235, 69 So.2d 434; Walls v. Bennett, 268 Ala. 683, 110 So.2d 277; Crew v. W. T. Smith Lumber Co., 268 Ala. 628, 109 So.2d 721; O'Rear v. Conway, 263 Ala. 466, 83 So.2d 65; Grayson v. George, 226 Ala. 106, 145 So. 427.

Since the trial court found that the line as contended for by respondents was the true line, and this conclusion was well supported by the evidence, there is no need to consider the question of adverse possession, which appellees claim would support their claim to the land to the line so fixed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.