167 So.2d 161

Melvin EARLY

v.

J. W. BEAVERS et al.

6 Div. 983.

Supreme Court of Alabama.

May 28, 1964.

Rehearing Denied Aug. 27, 1964.

Wilson & Wilson, Jasper, for appellant.

Tweedy & Beech, Jasper, for appellees.

SIMPSON, Justice.

Appeal by respondent from a decree of the Walker County Circuit Court, in Equity, establishing a disputed boundary line in favor of complainants.

The lower court found and decreed that appellee Beavers acquired title to the lands claimed by him to the extent of his description for the prescriptive period of 20 years and more; and that the lands claimed by appellee McCormack and his predecessors in title were acquired by adverse possession for a period of more than 20 years by tacking the period of possession of McCormack to his predecessors in title.

The area in dispute is approximately 100 feet wide across an entire forty acre tract upon which are the house, wells and outbuildings owned by McCormack, and the "big field" owned by appellee Beavers.

Beavers bought the land in 1931 and was shown by his grantor, one Glover, where

the east boundary line was located and Beavers went into possession up to that line, clearing and subsequently in the next year cultivating up to this line, which continued for a period in excess of 30 years. It even appeared that Beavers rented a part of this land up to the line to appellant and appellant paid rent on it. Appellant later bought the land on the west and put up a fence on the line claimed by appellees as the true line.

In the year 1933, Beavers sold to the State of Alabama a 300-foot square block in the northeast corner of his land. A school building was erected thereon and a school was held there for a period of 19 years, after which time it was sold to one Parvin, who converted the school house into a home by partitions and drilled another well thereon. This was in the year 1953. After possessing the land for a period of five or six years, Parvin sold the land to appellee McCormack.

In Darden v. Grimes, 274 Ala. 240, 147 So.2d 278, we commented that our treatment of boundary line disputes was to be governed by the following presumption:

"Unless the evidence as shown by the record indicates that his [lower court] finding was palpably wrong or manifestly unjust, it is not our province to change it here. Every presumption should be indulged in favor of the conclusion reached."

The lower court heard all of the evidence ore tenus and therefore the aforementioned presumption would be controlling.

We do not feel compelled to embark upon a discussion of the pertinent rules relating to prescription, adverse possession and disputed boundary lines, as there appears to be no dispute in their application to the case at bar. The only pertinent argument in appellant's brief charges that the evidence was insufficient to support the trial court's decree. On this argument we merely state that the evidence we have set out in this opinion and drawn from the record amply supports the conclusion of the lower court and we do not think the decree was palpably wrong or manifestly unjust.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.

On Rehearing

SIMPSON, Justice.

Appellant argues in his application for rehearing that there was no evidence in the transcript to support the finding of the lower court as to the true boundary line, in the following particular, viz.:

"Thence run north along an old fence and hedgerow to the Northeast corner of said forty acres of land (NE ¼ of the SW ¼, Section 27, Township 15 South, Range 5 West), which Northeast corner is located, to-wit: 35 feet north of an outhouse and three feet to the east thereof."

He urges that there is no evidence to support a finding that the northeast corner of said forty is where the above call places it, and cites excerpts from the record of testimony placing the corner at 50, 75, and 100 feet north of the "outhouse" or toilet.

It is a well-known rule of law that no act of the parties can relocate section lines as established by the government survey (Upton v. Read, 256 Ala. 593, 56 So.2d 644; Alford v. Rodgers, 242 Ala. 370, 6 So. 2d 409); and we perceive that the northeast corner of said forty would prevail over any attempt to locate the same by the parties with reference to temporary landmarks. Appellees' claim to the lands in controversy was based on prescription and adverse possession of the lands described in the bill of complaint which was as described above and had reference to the northeast corner of the forty acre tract. The basis of appellee's claim is by deed to the NE ¼ of the SW ¼ of Section 27, Township 15,

Range 5 West, which would naturally include that part which appellant claims is unsupported by the evidence.

We will not reverse a finding of a lower court where it has taken the testimony and evidence ore tenus on such a point as appellant here suggests. As observed, the learned trial judge has had the benefit of all exhibits and heard and observed the witnesses testify. The evidence was most conflicting and in a case as the one at bar in a boundary line dispute, this conclusion should not be overturned.

Opinion extended and rehearing denied.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.