237 So.2d 106

Katie Mae HUEY et al.

v.

Mary L. JORDAN et al.

4 Div. 380.

Supreme Court of Alabama.

May 15, 1970.

Rehearing Denied July 10, 1970.

Joe S. Pittman, Rowe & Lane, Enterprise, Oliver Brantley, Troy, for appellants.

Kenneth T. Fuller, Enterprise, for appellees.

McCALL, Justice.

This is an equity suit which was brought by the appellees in the lower court to locate and establish the east-west boundary line between two business lots in Enterprise, Alabama. The trial court fixed this boundary in its final decree substantially as claimed by the appellees. The appellants have appealed insisting that its location is completely unsupported by the evidence. This is the only basis for the appeal, so if, under any reasonable aspect, the decree below is fairly supported by credible evidence, it is the duty of this court to affirm. Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558; Rodgers v. Thornton, 254 Ala. 66, 68, 46 So.2d 809; Dunlavy v. Dunlavy, 283 Ala. 303, 216 So.2d 281; Lietz v. Pfuehler, 283 Ala. 282, 215 So.2d 723.

The appellants' lot fronts on the west side of Main Street with Brunson Street bounding it on the north. The appellees' lot likewise fronts on Main Street and adjoins appellants' lot on the south side of appellants' lot. The parties are therefore coterminous landowners, with the south line of the appellants' lot, being the north line of the appellees' lot. The true location of this east-west common boundary between the parties constitutes the issue in this case.

After observing that the lot of the appellants is bounded on the north by Brunson Street, and the lot of the appellees is bounded on the north by the lot of the appellants, the trial court stated in its final decree that, in locating the disputed boundary, the court must first decide or determine the point of beginning of the east

boundary (north-south line) of the lot of the appellants at its juncture with the south line of Brunson Street. The court then narrowed the issue as to whether this point was to be at the curb line or south edge of the traveled portion of Brunson Street, or, at the inside of the sidewalk which is approximately ten feet south from the edge of the curb line or edge of the traveled portion of Brunson Street. The court was of the opinion and held that the point was at the south edge of the curb line or traveled portion of Brunson Street where it joins Main Street, rather than at the inside of the sidewalk, and that the measurement along the lot's east line should commence at this point, and thence run south along its east line, which is the west line of Main Street, a distance of ninety-one feet to a point, as called for in appellants' deed.

The court then decreed that this latter point on the west line of Main Street, would be the point to begin from to establish the line which divides the two lots and which runs westwardly at a right angle from or to Main Street, thence to the east boundary of the Atlantic Coast Line Railway property.

There was no express testimony from witnesses, nor any monuments or landmarks to show the boundaries of Brunson Street, nor was there any plat, map, or drawing, offered in evidence, to show where its south line was located and existed, when referred to in property descriptions in the deeds, executed prior to the paving of that street in 1928. If such boundary ever had been located on the ground, its location had long since become obliterated and forgotten about. The appellants offered some plats purporting to show measurements for paving the streets and sidewalks, but no evidence tied these plats in with where the south line of the street was located, when referred to in prior deeds. Therefore, without more, we cannot say where the original south line of Brunson Street was actually located, when it was first used as the north boundary of

what is now the appellants' lot. The appellants have stated in their brief though:

"The single issue involved is whether the starting point for measurement of respondents' [appellants'] property, which is described as bounded on the north by Brunson Street, should be the southern edge of the curb defining the vehicular traveled portion or the southern edge of the sidewalk, that is to say, the southwest intersection of the sidewalks on, Brunson and Main Street."

They insist that this starting point should be the southern edge of the sidewalk. The trial court found that the starting point should be on the south edge of the crub defining the vehicular traveled portion of the street. As stated above, was there evidence to support this finding?

We think that there was evidence to support the court's finding. In the first place, the deed from J. A. Rast and wife to A. D. Colley, dated November 6, 1901, describes appellants' lot as bounded on the south by a fence between it and the property of one R. E. Clements, the latter being the appellees' earlier predecessor in title. While different witnesses testified about fences in the area, Ralph Jordan, an appellee, and one of the surveyors testified about an old fence formerly running east and west for a partial distance from the Atlantic Coast Line Railway right-of-way toward Main Street. There was evidence that there were two crape myrtle trees that had been planted and had grown up on the line of this fence to which its wire had been attached and became imbedded in, as well as an old iron pin standing perpendicular to the ground, in line with a projection or extension of the fence line eastward to its intersection with Main Street. There was testimony by a surveyor concerning his running this line. His plats were in evidence for the court to examine. A line was platted on this survey representing a projection of the former fence through the crape myrtle trees, which passed over or in close proximity to the old iron pin. The

evidence disclosed measured distances from this fence to the south edge of the curb, defining the vehicular traveled portion of Brunson Street, at three different points which closely approximate the frontage of appellants' lot of ninety-one feet. The appellee, Ralph Jordan, recalled this as a well established fence between the particular pieces of property, up to which the land-owners used on both sides.

While this testimony was disputed and in conflict with that offered by the appellants, it was material and competent evidence which the trial court was privileged to consider in coming to a decision as to where the disputed boundary was located.

"* * * Evidences afforded as to ancient corners and surveys, and of long continued possession in conformity thereto, should have due weight in making surveys, and in the courts when land lines are in controversy. Chambless v. Jones, 196 Ala. 175, 176, 71 So. 987; Cooper v. Slaughter, 175 Ala. 211, 57 So. 477." Ford v. Bradford, 212 Ala. 515, 103 So. 549.

The fence presented physical evidence and its distance from the curb line approximated the frontage of ninety-one feet on Main Street as called for in appellants' deed, all being factors which enter into the evidence that the trial court might very well have considered in arriving at its determination that the south curb line of Brunson Street, and not the sidewalk south line, was the true south boundary of Brunson Street from which to start in locating the dividing boundary line between these parties.

The case of Jones v. Wise, 282 Ala. 707, 713, 213 So.2d 914, contains an appropriate statement of the rule of law, applicable in the present situation. There the court said:

"A decree establishing a boundary line between coterminous lands on evidence submitted ore tenus in open court is presumed to be correct; and in such case

the trial court's conclusions will not be disturbed unless plainly erroneous or manifestly unjust. Greif Bros. Cooperage Corp. v. Sawyer, 269 Ala. 513, 114 So.2d 259; Salter v. Cobb, 264 Ala. 609, 88 So.2d 845. And where the trial court sees and hears the witnesses testify, its findings which determine questions of fact will not be disturbed on appeal unless plainly wrong. Christian v. Reed, 265 Ala. 533, 92 So.2d 881; Early v. Beavers, 277 Ala. 78, 167 So.2d 161. We cannot say that the trial court's conclusion in this cause was plainly wrong."

In our opinion, the decree of the trial court should be affirmed.

Affirmed.

SIMPSON, COLEMAN, HARWOOD and BLOODWORTH, JJ., concur.