This is an appeal from a judgment entered in a suit wherein the trial court established a boundary line between the lands of coterminous landowners. We affirm.
Plaintiffs, Catherine Green and Ruthie Mae Green Williams, claimed title through two deeds and actual possession. Charlie Evans answered the complaint. He claimed title by virtue of a deed. He also claimed he acquired title by adverse possession.
The case was heard by Judge Wayne T. Johnson. He examined 37 exhibits, surveys and documents, and heard the testimony of 11 witnesses. He established the boundary line in dispute and taxed one-half of the costs to the plaintiffs and one-half to the defendant. Defendant's motion for a new trial was denied. The defendant filed notice of appeal.
It is well settled that "[o]n appeal from a decree of the equity court establishing a boundary line between coterminous lands on evidence submitted ore tenus in open court, the decree of the lower court is presumed to be correct and in such case, the trial court's conclusions of fact will not be disturbed unless palpably erroneous or manifestly unjust." Jones v. Wise,282 Ala. 707, 213 So.2d 914 (1968). The facts presented in the lower court are conflicting and contradictory. The trial judge had the opportunity to resolve the conflicting evidence by observing the demeanor of the witnesses as they gave their testimony and by examining the exhibits as they were presented.
The findings of fact made by the trial judge are not clearly and palpably wrong. His conclusions of law, based on his findings of fact, are due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur. *Page 789