JONES, Justice.
This case arose from a dispute between coterminous land owners over the boundary separating their property. Appellant, Plaintiff below, contends the trial court’s decree establishing the coterminous boundary is erroneous as a matter of law. We affirm.
The land in dispute comprises approximately twelve acres west of the coterminous boundary established by the trial court. Defendant had a survey done of the property in question shortly prior to the commencement of this action (hereinafter referred to as the Loden survey). In essence, this survey indicated the true boundary to his property was west of a boundary line running between two corners established by a 1920 Kentucky Lumber Company survey (hereinafter referred to as the Kentucky survey). Upon completion of the Loden survey and disclosure, of the line discrepancy, Plaintiff brought suit to establish the true eastern boundary of his property, contending the true boundary line was that determined by the earlier Kentucky survey.
The court found that the more recent Loden survey reflected the true boundary, but that Plaintiff had adversely possessed approximately ten of the twelve acres east of the Loden survey line. The court, however, concluded that Plaintiff did not adequately prove adverse possession of the remaining two acres because that area was not “such that the Court could direct an officer of the Court to go to the property and describe or mark the lands claimed to have been adversely possessed.”
*47 Plaintiff contends 1) Where the lines of different surveys conflict, the older survey prevails; and 2) the ore tenus standard of review does not apply when, as here, no factual dispute exists. Defendant, on the other hand, contends the ore tenus standard applies, and that the only real issue is whether credible evidence exists supporting the trial judge’s finding regarding Plaintiff’s alleged adverse possession of the “two-acre tract.”
Plaintiff cites three cases to support his contention that the older Kentucky survey should prevail: Snodgrass v. Snodgrass, 212 Ala. 74, 101 So. 837 (1924); Ford v. Bradford, 212 Ala. 515, 108 So. 549 (1925); and Huey v. Jordan, 286 Ala. 56, 237 So.2d 106 (1970). An examination of each case does reveal the existence of a qualified general rule of preference for older surveys. This rule, however, presupposes the equality of other factors relating to each survey’s validity. The mere passage of time cannot make an inaccurate survey accurate, and the age of a survey does not, in and of itself, determine which survey a court must accept in a land line case. The focus should be upon accuracy of the survey. To the extent an older survey is more reliable because time has effaced the evidence from which the survey was made, due weight should be accorded the earlier survey. Particularly, where coterminous owners have acquiesced in the older survey, treating it as accurate, it becomes the true line. Ford, supra, 212 Ala. at 518, 103 So. 549.[1]
Because the trial court was not precluded, as a matter of law, from accepting the Loden survey as the more accurate survey establishing the coterminous boundary, and because we find sufficient evidence of record upon which the trial judge could have so concluded, we turn to the sole remaining issue regarding adverse possession of the two acres. In reviewing this issue, we first must determine the appropriate standard of review. The trial judge heard conflicting oral testimony concerning the property in dispute. We conclude the ore tenus rule applies; therefore, the trial judge’s ruling is accorded a presumption of correctness, and will not be disturbed on appeal unless the decree is unsupported by any credible evidence appearing of record or is palpably wrong and manifestly unjust. 2A Ala. Digest 409, Appeal & Error Key No. 931(1) (1982).
The testimony of Jack Loden, who conducted the Loden survey, in addition to the testimony of the Plaintiff and Defendant, indicates no physical evidence of a boundary exists on the eastern part of the alleged “two-acre tract” sufficient for an officer of the court to delineate such tract. This Court stated in Ray v. Robinson, 388 So.2d 957 (Ala.1980):
“It is clear that decrees establishing boundaries between coterminous lands must be reasonably definite and certain in their descriptions. Ascertained boundary lines must be capable of being physically identified by an officer of the court, and their description must not leave room for the exercise of discretion in their location. In Limbaugh v. Comer, 265 Ala. 202, 90 So.2d 246 (1956), this Court held:
“A decree establishing the location of a boundary line between the lands of coterminous owners must be reasonably certain within itself or by reference to the pleadings, evidence or documents filed in the cause, and the decree must be so certain that the line may be located and marked by an officer of the court who may be appointed to so mark the line without reference to extrinsic evidence or the use of his own discretion or by drawing his own conclusions as to any fact determinant of the true location of the line.” 388 So.2d at 963, 964.
*48 Our examination of the record reveals the trial judge fixed the disputed boundary line' based on credible evidence, and properly applied the law regarding the indeterminate two acres east ¡of the Loden line. Therefore, we affirm the trial court’s decree in its entirety.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.

. Although it is not entirely clear from the arguments of the parties, it is a fair reading of the Appellant’s brief to conclude that his argument on appeal is in the alternative. First, he contends, as a matter of law, that the trial judge erroneously accepted the more recent, as opposed to the older, survey; and, second, given the accuracy of the newer survey, that he nonetheless is entitled to the entire twelve acres east of the Loden line under the doctrine of adverse possession.