ADAMS, Justice.
This is an appeal by defendants, Foy Ray and Dorothy Ray, from a judgment of the Covington County Circuit Court establishing the boundary between their property and that of the plaintiff, Glenda Stewart. The lands are coterminous.
In her complaint, plaintiff claimed title to a parcel described in a warranty deed from her mother to her as follows:
One acre, more or less, in the NWV-i of NW'A of Section 32, T4N, R18E, situated in the City of Opp, Covington County, Alabama, described as follows: Beginning at a point on the West side of 13th Street at the Northeast corner of the lot deeded to Georgia Baker; thence N Io 10'W along the West line of said street 185.7 feet to a fence; thence turn 71° 16' to the left and run along the fence line for a distance of 210 feet to another fence; thence South along said fence for a distance of 227 feet to intersection with another fence; thence Southeasterly along said fence for a distance of 187.5 feet to the point of beginning on the West side of said 13th Street, at which point an angle of 81° 47' is formed inside of the lot hereby described by the West line of said street and the South line of the lot here described, in accordance with survey dated January 25, 1962, made by Ralph Powell, Surveyor.
She further alleged that defendants had made numerous encroachments on the property. She also asserted that she and her predecessors in title had occupied and possessed the parcel up to the boundaries described in the deed since March 16, 1962, and had assessed and paid property taxes annually since that time. Defendants answered the complaint and claimed title to the land on which they were alleged to have encroached.
The trial court heard an abundance of evidence orally presented, and reviewed many exhibits, including several deeds, *6 photographs, tax assessment records, and a survey of the plaintiffs parcel. The judge decided to establish the boundaries in dispute as reflected in the deed held by the plaintiff and the plat prepared by Ralph Powell in 1962. The defendants made a motion for a new trial that was denied. Hence, this appeal.
It is understatement to assert as plaintiff did in her brief to this court, that most of the facts in this case were disputed by the parties and their witnesses at trial. There was considerable disagreement concerning not only the location, but also the existence of certain old fences along the boundary lines. This court recently addressed the nature of its review of a circuit court's establishment of a boundary that was ardently disputed by the parties at trial in Evans v. Green, 411 So.2d 788 (Ala.1982). In that case we said:
It is well settled that “[o]n appeal from a decree of the equity court establishing a boundary line between coterminous lands on evidence submitted ore tenus in open court, the decree of the lower court is presumed to be correct and in such case, the trial court’s conclusions of fact will not be disturbed unless palpably erroneous or manifestly unjust.” Jones v. Wise, 282 Ala. 707, 213 So.2d 914 (1968). The facts presented in the lower court are conflicting and contradictory. The trial judge had the opportunity to resolve the conflicting evidence by observing the demeanor of the witnesses as they gave their testimony and by examining the exhibits as they were presented.
411 So.2d at 788. In the instant case, we can find no palpable error or manifest injustice in the trial court’s findings of fact establishing the boundaries between the parties’ coterminous lands according to the deed to the plaintiff and the survey of Ralph Powell.
It remains for us to consider defendant’s argument that the trial court’s judgment failed to describe the boundaries established with the requisite particularity. We disagree, since the Powell survey, which the decree adopts, was made with reference to fences or portions thereof, some of which continue to exist along the boundaries as described in the survey. Furthermore, we regard the trial court’s order to have a surveyor establish the boundaries described in the Ralph Powell plat as one to have permanent markings placed on the land so as to eliminate the possibility of further dispute between the parties. See Baldwin v. Harrelson, 229 Ala. 469, 471, 158 So. 416, 418 (1934).
For all of the above reasons, we affirm the decision of the trial court.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and EMBRY, JJ., concur.